DECISION AND JUDGMENT ENTRY
Defendant-Appellant Russell Benner appeals his conviction and sentence for Aggravated Robbery in violation of R.C. 2911.01(A)(1), along with a Firearm Specification under R.C. 2941.141, entered by the Athens County Court of Common Pleas. On appeal, appellant's appointed counsel advised the Court that he reviewed the record and could discern no meritorious claim for appeal but raised two possible assignments of error if this Court found the appeal to be meritorious. Attorney Frey filed a motion to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396. Appellant filed a pro se appellate brief arguing the assignments of error raised by appointed counsel.
After independently reviewing the record, we agree with appellate counsel that the record contains no potential meritorious claim upon which appellant might prevail on appeal.
 STATEMENT OF THE CASE
At a hearing held on May 22, 2000, appellant pled guilty to one count of Aggravated Robbery with a firearm specification under R.C. 2941.141
that carried a one-year mandatory sentence on the specification. In exchange for appellant's plea, the state agreed to recommend that appellant receive an eight-year sentence plus one year for the gun specification. The state further agreed not to go back to the grand jury to ask for a three-year gun specification. Appellant also agreed to testify against his co-defendants.
Appellant and three other men entered a motel room in Athens, Ohio, where appellant brandished a shotgun. The four men took $3,500 to $4,000 from the motel guests in the room and fled. Even before the robbery was reported, appellant returned his share of the money to one of the victims. Appellant then led the officers to the gun that was used and admitted his participation in the robbery.
Prior to taking his plea, the trial court ensured that appellant's plea was knowingly, voluntarily, and intelligently made by engaging in a dialogue with appellant as required by Crim.R. 11. Appellant then pled guilty to one count of aggravated robbery with a firearm specification.
After accepting appellant's guilty plea, the state recommended, and the trial court imposed, a sentence of eight years for the aggravated robbery and one year on the gun specification.
Trial counsel filed a Notice of Appeal. New counsel was appointed for appeal.
 OPINION
Upon receiving an Anders brief, we must "conduct `a full examination of all the proceedings to decide whether the case is wholly frivolous.'"Penson v. Ohio (1988), 488 U.S. 75, 80, 109 S.Ct. 346, 350, quotingAnders v. California (1967), 386 U.S. 738, 744, 87 S.Ct. 1396, 1400. After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. See id. See, also, State v. Kent (Mar. 4, 1998), Jackson App. No. 96CA794, unreported; State v. Hart (Dec. 23, 1997), Athens App. No. 97CA18, unreported. If we find, however, that meritorious issues for appeal exist, we must afford appellant the assistance of counsel in order that counsel may address the issues. See Anders, 386 U.S. at 744,87 S.Ct. at 1400; Penson, 488 U.S. at 80, 109 S.Ct. at 350. See, e.g., State v.Alexander (Aug. 10, 1999), Lawrence App. No. 98CA29, unreported.
Appellate counsel presents the following "potential assignments of error" for our review:
ASSIGNMENT OF ERROR NO. I:
 DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS BECAUSE OF THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 ASSIGNMENT OF ERROR NO. II:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT.
After being permitted to do so by this Court, appellant filed his own brief and assigned the following errors:
PRO SEASSIGNMENT OF ERROR I:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY SENTENCING APPELLANT TO A TERM OF 9 YEARS FOR HIS CONVICTION OF A FIRST DEGREE FELONY WHEN APPELLANT HAS NEVER BEFORE BEEN SENTENCED TO A PRISON TERM AND THE COURT FAILED TO MAKE THE MANDATORY FINDINGS ON THE RECORD BY R.C. § 2929.14(B) TO IMPOSE MORE THAN THE MINIMUM SENTENCE.
 PRO SEASSIGNMENT OF ERROR II:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT AS HE WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, SECURED TO HIM BY THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.
We must first determine whether the potential assignments of error raised by counsel's Second Assignment of Error and appellant's First Assignment of Error are wholly frivolous. Both assignments of error assert that the trial court erred in sentencing appellant. Appellant argues that the trial court erred in sentencing him to more than the minimum prison term for aggravated robbery.
A defendant is prohibited from appealing his sentence if the sentence had been jointly recommended by the state and the defendant and if the sentence was authorized by law. See R.C. 2953.08(D). A review of the transcript of the sentencing hearing indicates that appellant had agreed to enter a plea of guilty. The state recommended an eight-year sentence with an additional year for a firearm specification. The defendant's counsel urged the trial court "to impose the minimum time that the Court sees fit * * *." It appears that there was a joint recommendation of sentence and R.C. 2953.08(D) does apply. Thus, R.C. 2953.08(D) prohibits appellant from appealing his sentence to this Court. We, therefore, find that an appeal based upon these assignments of error would be wholly frivolous.
We now turn to appellant's remaining assignment of error — his claim of ineffective assistance of counsel.
In order to prove a claim of ineffective assistance of counsel, generally, a defendant must show that his counsel's performance was deficient, i.e., not reasonably competent, and that counsel's deficiencies prejudiced the defense. See Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. When applied in the context of a guilty plea, a defendant must demonstrate that, but for his counsel's errors, he would not have pled guilty. See Hill v. Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366,370. See, also, State v. Martin (June 24, 1997), Lawrence App. No. 96CA53, unreported. Appellant asserts that he was denied effective assistance of counsel because his attorney did not know, or advise him, that the sentencing guidelines would apply to him as a first time offender and thus, he did not intelligently enter into his plea of guilty. The record belies appellant's assertion.
The following exchange took place at the sentencing hearing:
 BY THE JUDGE: I think I need to say something to him about Senate Bill 2 provisions, even though those are somewhat up in the air it seems given the state of the law. This three page agreement discusses, Mr. Benner, on the second page of it, what we call the truth in sentencing part of the Senate Bill 2 law, which means that if the Court sentences you to let's say eight years, as is recommended, plus one year, as is recommended, which would be nine years, with the exception of the potential for judicial release nine years would mean nine years. In other words, there's no credit for good time as there used to be. You'd be eligible for consideration for judicial release. But if you did not get judicial release then the actual time that you're sentenced to is the time you would serve. Do you understand that?
 BY MR. BENNER: Yes sir.
 BY THE JUDGE: There's also the matter of this post-release control. Presently the statute indicates that if you're convicted of some behavioral offense while you're in prison there could be time added to your sentence up to fifty percent of your sentence by the Adult Parole Authority without any input from this court. You understand that?
 BY MR. BENNER: Yes sir.
We also note that the record contains a "Plea of Guilty" signed by appellant setting forth the sentencing information above. There is nothing in the record to support that, but for his counsel's errors, appellant would not have pled guilty. See Hill and Martin, supra. We, therefore, find that an appeal based upon these assignments of error would be wholly frivolous.
In sum, after examining the entire record we find that there are no meritorious claims upon which appellant could prevail on appeal and overrule appellant's "potential assignments of error." We, therefore, grant counsel's motion to withdraw and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ATHENS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
 IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILY CONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAIL PREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ____________________________ David T. Evans, Judge.
Abele, P.J., and Harsha, J. Concur in Judgment and Opinion.